IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Samuel Hepburn, #243604, ) | Civil Action No. 6:11-2016-RMG-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| Warden Willie L. Eagleton, ) | |
| Respondent. ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**PROCEDURAL HISTORY**

The petitioner is currently confined at the Evans Correctional Institution in the South Carolina Department of Corrections. He was indicted by the Chesterfield County Grand Jury during the October 1996 Term of the Chesterfield County Court of General Sessions for Murder (1996-GS-13-888). (App. 340-43). He was originally represented by Delton W. Powers, Jr., and the State was originally represented by Solicitor Jay E. Hodge of the Fourth Judicial Circuit. On August 12, 1997, the petitioner waived his right to trial by jury and pled guilty to voluntary manslaughter before the Honorable Paul M. Burch, Circuit Court Judge. The petitioner was sentenced to 19 years imprisonment. The petitioner filed an Application for Post-Conviction Relief ("PCR") seeking to vacate the plea on February

23, 1999. The PCR court granted the petitioner post-conviction relief by order filed February 17, 2000 (App. 333-36).

At the new trial, the petitioner was represented by Patricia Rivers, Public Defender for Chesterfield County (App. 1-254). The State was represented by SolicitorJay Hodge of the Fourth Judicial Circuit, and Ralph Wilson. On June 4-6, 2001, the petitioner proceeded to a jury trial before the Honorable Sidney T. Floyd, Circuit Court Judge. On June 6, 2001, the petitioner was found guilty of murder (App. 246). Judge Floyd sentenced the petitioner to 30 years confinement for the murder conviction (App. 252-53).

*Direct Appeal*

On June 11, 2001, the petitioner timely served a Notice of Appeal. On appeal, the petitioner was represented by Joseph L. Savitz, III, Deputy Chief Attorney with the South Carolina Office of Appellate Defense. The petitioner's direct appeal was perfected with the filing of a Final *Anders* Brief of Appellant in which counsel asserted the judge erred by failing to direct a verdict acquitting the appellant of murder. The petitioner also filed a *pro se* Brief for Appellant. In his *pro se* Brief, the petitioner asserted two arguments. First, he contended that the destruction of evidence by the state police department deprived him the right to due process provided by the Fifth and Fourteenth Amendments of the United States Constitution. Second, he argued the trial judge erred by failing to direct a verdict acquitting him of murder. In an Order filed December 13, 2002, the South Carolina Court of Appeals directed the parties to brief the following issue: "Whether it was error to fail to direct a verdict of not guilty on the charge of murder because of a lack of evidence that Appellant acted with malice aforethought or premeditation." In an unpublished opinion filed October 22, 2003, the South Carolina Court of Appeals affirmed the petitioner's conviction. The Remittitur was issued on November 13, 2003.

*First PCR*

On October 12, 2004, the petitioner filed an Application for PCR (2004-CP-13-415), alleging a due process violation, ineffective assistance of counsel, and double jeopardy (App. 275-88). Specifically, the petitioner complained that his due process rights were violated when "the public prosecutor relinquished full authority to prosecute criminal proceeding into the hands of a private attorney hired by victims family" (App. 282). He further asserted his due process rights were violated when the police department destroyed evidence in its possession (App. 284). Third, the petitioner contended the trial judge erred when he stated the indictment spoke for itself where it alleged the victim died as the result of two bullets, when the autopsy report asserted the cause of death was the result of three bullets (App. 284).

The petitioner alleged trial counsel was ineffective in failing to call state witnesses whose testimony would have revealed facts essential in proving the petitioner's case, and counsel's failure to do so violated the petitioner's constitutional right to cross examine the witnesses against him (App. 286). The petitioner asserted that those witness(es) could have provided information that would have led to a lesser verdict. The petitioner further argued that counsel was ineffective in not introducing medical records into evidence that would have revealed that the petitioner suffered from a gunshot wound as a result of the crime for which he was charged, and a jury could have determined he was acting in self-defense at the time of the crime (App. 287). In his last claim of ineffective assistance of counsel, the petitioner claimed trial counsel failed to object to a prejudicial indictment that was used in the jury deliberation. Specifically, he asserted the caption of the indictment revealed he had pled guilty to the offense (App. 288).

The State served its Return on March 11, 2005. An evidentiary hearing was held before the Honorable John H. Milling, Circuit Court Judge, on January 11, 2006 (App. 289-324). The petitioner was present and represented by Kenneth Martin, Esq. The State

3

was represented by Assistant Attorney General Karen C. Ratigan. The PCR Court filed its Order of Dismissal with Prejudice on February 10, 2006 (App. 325-32).

*Second PCR*

On December 8, 2008, the petitioner filed a second PCR application, alleging that he was entitled to a second appeal from the denial of his first PCR action because his first PCR attorney failed to file an appeal at his request. The petitioner's first attorney was not available to testify because of serious illness; therefore, the respondent consented to a belated appeal of petitioner's first PCR action. On October 21, 2009, the Honorable Paul M. Burch, Chief Administrative Judge, filed a Consent Order granting a belated PCR Appeal in accordance with *Austin v. State*, 575 S.E.2d 547 (S.C. 2003). The second PCR action was dismissed upon consent of the parties (App. 272-74).

*PCR Appeal*

The petitioner filed a notice of appeal on November 23, 2009. On appeal, the petitioner raised three arguments of ineffective assistance of counsel claiming that (1) counsel failed to properly object when the solicitor allowed a private attorney hired by the victim's family to exercise sole control over the prosecution of the case; (2) counsel failed to object to the State destroying material ballistics evidence critical to his defense and in failing to move for a continuance when she was advised two days before trial that the ballistics evidence was missing; and, (3) counsel did not adequately prepare for trial and her conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result (Pet. for cert. 6-14). The State filed a Return to the *Austin* Petition for Writ of Certiorari on June 21, 2010.

In an order dated June 22, 2011, the South Carolina Supreme Court granted the Petition for Writ of Certiorari from Judge Burch's order granting belated review of his first PCR action, and the court proceeded with a belated review of Judge Milling's order. After

4

consideration of the entire record, the Supreme Court denied the Petition for a Writ of Certiorari from Judge Milling's order.

The petitioner filed a Petition for Rehearing on July 7, 2011. In the petition, he reasserted his first and second arguments of ineffective assistance of counsel from the Petition for Writ of Certiorari. He also raised a new claim of double jeopardy, asserting that his rights were violated when the solicitor reinstated the murder indictment after accepting his guilty plea to voluntary manslaughter. The South Carolina Supreme Court denied the Petition for Rehearing by letter Order dated July 21, 2011. The Remittitur was also issued on July 21, 2011.

The petitioner filed his federal habeas petition on August 2, 2011. On December 9, 2011, the respondent filed a motion for summary judgment. By order filed December 12, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed a motion for summary judgment along with a response to the respondent's motion for summary judgment on February 10, 2012. The respondent filed a reply on February 21, 2012, and a response to the petitioner's motion for summary judgment on February 27, 2012.

## **FEDERAL HABEAS ACTION**

In the federal habeas petition now before this court, the petitioner alleges the following (verbatim):

> **Ground One**: State violated petitioner's 5th and 14th Amendment United States Constitutional Right that's afforded within the Double Jeopardy Clause.
> Supporting facts: On August 12, 1997, after a guilty plea I was convicted of voluntary manslaughter and sentenced to prison for nineteen (19) years on indictment number 96-GS-13-0888 and because the State and my attorney promised me that my plea consisted of a fifteen (15) year cap, I did thereafter file a PCR

5

to have my sentence corrected. Wherefore, I was thereafter tried for murder on indictment No. 96-GS-13-0888 and convicted of murder and sentenced to 30 years in Prison.

**Ground Two**: The State Violated petitioner's 5th and 14th Amendment United States Constitutional Right to Due Process of Law.
Supporting facts: Petitioner's Due Process Right's were Violated by the State when it failed to protect petitioner from vindictiveness after grant of a de novo trial and instead relinquished it's duty and power unto privately employed counsel whom upgraded the charge, refused to plea anew, offered into evidence scientific ballistic testimony the court had ruled impermissible and single handedly prosecuted the trial.

**Ground Three**: The State violated petitioner's 5th and 14th Amendment United States Constitutional Right to Due Process of Law.
Supporting facts: Petitioner's Constitutional right to due process was violated when the State Police Department destroyed material evidence in it's[sic] possession that possess an exculpatory value which would have exonerated petitioner of the charge of murder.

**Ground Four**: Constitutional Violation to Effective Assistance of Counsel as Guaranteed by the 6th Amendment of the United States Constitution.
Supporting facts:
(1) Trial counsel ineffective for failing to introduce medical records which would have revealed petitioner shot himself at time of crime and was hospitalized for two weeks, and where introduction fo medical records as evidence would have refuted prosecution's assertion to jury that petitioner was cold blooded murder who just fled sceen[sic] and left victim for dead. Jury could have reached petitioners[sic] crime was crime of passion.

(2) Trial counsel ineffective for failing to subpoena testimony of credible eye witness who's[sic] testimony would have revealed prior altercation between victim's boyfriend and petitioner and further would have revealed [the] expedient passing of 40oz beer in brown paper bag to victim by victim's boyfriend and reaching under shirt at time of crime and at time of victim's death, witness testimony was relevant and would have aided jury in reaching verdict petitioner's crime was crime of passion.

(3) Trial counsel ineffective for failing to motion for continuance when it was discovered day of trial State law enforcement unlawfully destroyed all material ballistic evidence in the matter of petitioner's case, and where controversy exist within cause of death stated within autopsy report and cause of death charged against petitioner in murder indictment and where evidence destroyed by state was only factual means of solving matter in controversy, failure to motion for a continuance prejudice petitioners defense.

By amendment filed August 12, 2011:

(4) Trial counsel ineffective for failing to object to prejudicial indictment used in jury deliberation, where caption of indictment revealed petitioner previously plead guilty to offense in controversy, and high probability counsels failure to object to indictment which reveal petitioner's previous admission of guilt resulted in jury being persuaded thereby to arrive at verdict it choose, and reasonable probability counsels failure to object to the erroneous indictment prejudice the outcome of petitioner's trial.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d), provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## ANALYSIS

The present habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320 (1997). The respondent first argues[1] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA. This court agrees. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). State collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Applying this criteria to the present case, it is clear that the petitioner did not timely file within the one-year limitations period in § 2244(d)(1)(A). Because he filed a direct appeal, his state court conviction became final on November 13, 2003, the date on which the state court of appeals issued the Remittitur after affirming his conviction. *See* Rules 203(b)(2), 221, & 242, SCACR. As the petitioner did not seek certiorari from the South

---

[1] As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

9

Carolina Supreme Court in his direct appeal, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. *See Morris v. Warden of Ridgeland Correctional Inst.*, C/A No. 0:10-cv-922-RBH, 2011 WL 489933, at *3 n.5 (D.S.C. February 4, 2011) (citing *Hammond v. Hagan*, C/A No. 4:07-1081-JFA, 2008 WL 2922860, at *3 (D.S.C. July 24, 2008)).

Accordingly, the petitioner had one year from November 14, 2003, to file his federal habeas corpus action unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); *see also Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir.2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

The petitioner filed his PCR application (2004-CP-13-415) on October 12, 2004. Thus, 334 days of non-tolled time (November 14, 2003, to October 12, 2004) accrued between the conclusion of direct review and the filing of the petitioner's PCR action. The PCR court filed its Order of Dismissal on February 10, 2006. Thereafter, the petitioner had 30 days to timely appeal the PCR court's order. Rule 227, S.C.App.Ct. Rules. The 30 days elapsed on March 12, 2006, which was a Sunday. Accordingly, the petitioner had until the next business day, March 13, 2006, to file the Notice of Appeal. Thus, the period of limitations was tolled during the pendency of the PCR proceedings and began to run again on March 14, 2006. The petitioner had 31 days from that date to file his federal habeas petition.

The petitioner filed his second PCR application on December 8, 2008, asking that he be allowed to file a belated appeal of his first PCR because his first PCR attorney failed to file a notice of appeal. Judge Burch filed a Consent Order granting a belated

*Austin*[2] appeal on October 21, 2009. The Remittitur in that appeal was issued on July 21, 2011.

The federal petition was filed on August 2, 2011. However, as the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. The date stamped on the back of the envelope containing the petition is unreadable. Accordingly, the court will assume the petitioner delivered the petition to prison authorities on the date he signed the petition, July 28, 2011 (*see* docs. 1 and 1-2).

Title 28, United States Code, Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim *is pending* shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). Unless the grant of the petitioner's *Austin* appeal retroactively tolled the limitations period during the 1000 days between the end of the first PCR and the filing of the second PCR, the petitioner's motion under § 2254 is untimely.

The Honorable Patrick Michael Duffy, Senior United States District Judge, addressed this specific issue and reasoned as follows:

> [T]he only issue to be determined is whether the initial APCR was "pending," as meant by the AEDPA, during the time between the state court's initial denial of the APCR and the state court's allowance of a belated appeal of that APCR.
>
> In *Carey v. Saffold*, the Supreme Court defined "pending" as meant by § 2244(d)(2):

---

[2]In *Austin*, the South Carolina Supreme Court allowed a petitioner to file a late appeal of the denial of his PCR, where the failure to timely file the appeal was the result of the action or inaction of his attorney. *Austin*, 409 S.E.2d at 396.

11

> [A]n application is pending as long as the ordinary state collateral review process is "in continuance" i.e. "until the completion of" that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending."

536 U.S. 214, 219–20 (2002) (quoting Webster's Third New Int'l Dictionary 1669 (1993)). Under this formulation, a claim is "pending" for the entire term of state court review, including those intervals between one court's judgment and the filing of an appeal with a higher court. *Saffold*, 536 U.S. at 219–21. The Supreme Court recently clarified that "[t]he time that an application for state post conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189 (2006) (emphasis in original) (finding that time between denial of APCR and filing of appeal was not tolled where appeal was untimely, even where state considered untimely appeal "on its merits").

Recently, in *Lawrence v. Florida*, 549 U.S. 327 (2007), the Supreme Court further narrowed the interpretation of "pending" under the AEDPA 28 U.S.C. § 2244(d) (2). In *Lawrence*, the Court considered whether a case is "pending" under § 2244 during the time petitions for certiorari are before the Supreme Court and found that the filing of such petitions does not toll the statute of limitations. *Id*. This case illustrates the Court's unwillingness to broaden the definition of "pending" and describes the policy behind the tolling provision of Section 2244(d)(1):

> The tolling provision of § 2244(d)(2) balances the interests served by the exhaustion requirement and the limitation period ... Section 2244(d)(1)'s limitation period and § 2254(d)(2)'s tolling

> provision, together with § 2254(b)'s exhaustion requirement, encourage litigants first to exhaust all state remedies and then to file their federal habeas petitions as soon as possible.

*Lawrence*, 127 S.Ct. at 1083 (emphasis in original) (quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001)).

In a much-cited case factually similar to the one at bar, the Eleventh Circuit addressed whether a state court's granting of a belated appeal from the denial of post-conviction relief tolled the idle period between the expiration of time to appeal and the grant of the late appeal. *Moore v. Crosby*, 321 F.3d 1377 (11th Cir.2003). The Eleventh Circuit reasoned that "the pivotal issue in this appeal is how long the petitioner's state application was 'pending' within the meaning of the [AEDPA]." *Id*. at 1379 (citing 28 U.S.C. § 2244(d)(2)). The Court cited *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir.2001), in which the Fifth Circuit considered "whether the Petitioner's federal petition was timely [and] found that, at the point when the state limitations period expired, the Petitioner was not entitled to further appellate review and, therefore, he had no application 'pending' in state court." *Moore*, 321 F.3d at 1380. Adopting the Fifth Circuit's reasoning, the Eleventh Circuit found that while "state court's subsequent decision to permit review may toll the time relating to the application, it does not change the fact that the application was not pending prior to the filing of the application." *Id*. The *Moore* Court concluded that the AEDPA's § 2244(d)(2) statutory tolling provision does not encompass the period of time in which a state prisoner does not have a "properly filed" post-conviction application actually pending in state court. *Id*. Furthermore, the Court explained that "a state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition." *Id.* In other words, once the state-mandated time in which to appeal the denial of the APCR has run, the APCR is no longer "pending," even if the state court later allows the untimely

13

> appeal. The Eleventh Circuit found that this interpretation was consistent with Congress's intent to encourage exhaustion of state remedies without permitting Petitioner to indefinitely toll the limitations period. It explained that "a difference exists between giving a Petitioner credit for time needed to exhaust his state remedies prior to filing a federal habeas petition and 'retroactively tolling periods in which the Petitioner is not attempting to exhaust state remedies.' " *Moore*, 321 F.3d at 1381 (quoting *Melancon*. 259 F.3d at 407).
>
> The court finds the Eleventh Circuit's reasoning persuasive. In the case *sub judice*, Petitioner failed to timely appeal the denial of his first APCR. Despite his failure to timely file a notice of appeal, the state court allowed Petitioner to appeal the first APCR "on the merits" under *Austin*. However, the fact that the state court allowed a belated appeal does not make the notice of appeal "timely." After the time in which to appeal lapsed, Petitioner's application for further appellate review ceased to be "pending" for purposes of calculating the tolling of the federal limitations period. *See Moore*, 321 F.3d at 1381; *Melancon*, 259 F.3d at 407. As such, adopting the logic of *Moore*, no collateral action was "pending" during the 552 day interim between the denial of Petitioner's first application for PCR and the filing of Petitioner's second PCR application. Accordingly, the AEDPA's limitations period was not tolled during this time, and Petitioner's habeas petition was not timely filed. This holding is consistent with both the clear meaning and the underlying policy of the AEDPA § 2244(d)(2).

*McHoney v. South Carolina*, 518 F.Supp.2d 700, 704-05 (D.S.C. 2007) (parallel citations omitted).

Similarly, the Honorable Terry L. Wooten, United States District Judge, recently addressed the issue:

> In *Jimenez v. Quarterman*, 129 S.Ct. 681, 683-687 (2009), the Supreme Court held that when state court grants a criminal

14

> defendant the right to file an out-of-time direct appeal during state collateral review, before defendant has first sought federal habeas relief, the date of finality of the conviction and the commencement of limitations period is the conclusion of out-of-time appeal, or the expiration of time for seeking review of that appeal. However, a subsequent motion for a belated appeal in a state PCR action (the case here) does not retroactively toll the statute back to the filing date of the original APCR.

*Golden v. McCall*, C.A. No. 9:08-3469-TLW-BM, 2010 WL 146164, at *5 n.16 (D.S.C. Jan. 8, 2010) (citations omitted). *See also Gambrell v. Warden, MCCI*, C.A. No. 4:09-329-DCN, 2010 WL 883008, at *8 n. 8 (D.S.C. March 8, 2010) (same).

Here, based upon the reasoning cited above, the petitioner's first PCR did not remain "pending" under § 2244(d)(2) during the 1000 day time period between the denial of the first PCR and the grant of the belated appeal. Accordingly, the federal petition is untimely.

In his response in opposition to the respondent's motion for summary judgment, the petitioner argues that he is entitled to equitable tolling in this case because of extraordinary circumstances beyond his control. The Fourth Circuit Court of Appeals has held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling "must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330.

The petitioner asserts that, by virtue of its consent to allow a belated appeal, the State agreed to toll the federal statute of limitations (resp. m.s.j. at 8; *see* doc. 36 at 3). The respondent argues that this assertion is without merit. This court agrees. Nothing in the Consent Order or elsewhere in the state court record indicates the State agreed to toll the federal habeas statute of limitations (*see* App. 272-74).

The petitioner further argues that his first PCR attorney's illness during the time period for filing the PCR appeal entitles him to equitable tolling (resp. m.s.j. at 5-9). The Seventh Circuit Court of Appeals has considered this issue and found as follows:

> [The petitioner] blames the delay on his lawyer's illness, but the illness in question caused the delay in seeking leave to appeal in state court. That is why the state court accepted the untimely petition for leave to appeal. [The petitioner] does not contend that his lawyer's illness in August 2005 accounts for the decision to file the federal petition after the time to do so (mid-November 2006) had expired. An illness that justifies a belated state filing does not automatically justify an untimely federal filing more than a year later.

*Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010). *See Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003) (finding petitioner's attorney's incapacity that allegedly prevented the attorney from timely filing a habeas petition did not warrant equitable tolling of the limitations period since the attorney incapacity was equivalent to attorney negligence for equitable tolling purposes). This court has found no habeas cases in which federal courts allowed equitable tolling of the 28 U.S.C. § 2244(d) statute of limitations based on an attorney's illness or incapacity in the state court proceedings.[3] As the petitioner has failed to show that

---

[3] The undersigned found numerous cases in which courts decided that equitable tolling was appropriate when the illness or incapacity of a petitioner's counsel *in the federal habeas proceeding* prevented the petitioner from timely filing a federal habeas petition. *See Robertson v. Simpson*, 624 F.3d 781 (6th Cir. 2010) (remanding case for determination of whether cocaine use by attorney hired to file federal habeas petition constituted sufficient extraordinary circumstances to entitle petitioner to equitable tolling; *Fogg v. Carroll*, 465 F.Supp.2d 336 (D. Del. 2006) (concluding that

extraordinary circumstances stood in his way and prevented timely filing of his federal habeas petition, he is not entitled to equitable tolling.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 23) be granted and petitioner's motion for summary judgment (doc. 33) be denied as moot. *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003) (affirming dismissal of petition filed one day late), *cert. denied*, 541 U.S. 905 (2004).

s/ Kevin F. McDonald
United States Magistrate Judge

July 20, 2012
Greenville, South Carolina

---

illness of attorney hired to file federal habeas petition justified equitable tolling); *Westerfield v. Rapelje*, No. 2:10-cv-13189, 2011 WL 3511512 (E.D. Mich. Aug. 11, 2011) (same); *Nhut Thanh Vo. v. Hedgpeth*, No. SAcv07-1410-FMC, 2009 WL 1405200 (C.D. Cal. May 18, 2009) (same). However, in the instant case, the petitioner argues that the illness of his attorney *in the state PCR proceeding* entitles him to equitable tolling of the federal habeas statute of limitations. While the state court found that the attorney's illness justified a belated PCR Appeal in accordance with *Austin v. State*, 575 S.E.2d 547 (S.C. 2003), the petitioner has not shown that the attorney's illness constitutes extraordinary circumstances preventing the timely filing of his federal habeas petition.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.